# United States Bankruptcy Court
## SOUTHERN DISTRICT OF ALABAMA

IN RE:  Case No. _____

**Timothy F. Vollenweider**  Chapter 13

SSN: **xxx-xx-3611**  SSN: _____

Date: **October 16, 2018**

## CHAPTER 13 PLAN
Check if this is an Amended Plan ☐

**CREDITOR'S RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this and other documents sent to you carefully and discuss them with your attorney.

**TO FILE AN OBJECTION TO CONFIRMATION.** Objections to Confirmation must be filed electronically at the Bankruptcy Court's website at www.alsb.uscourts.gov, or you may scan the documents into the ECF system at the courthouse. Objections to Confirmation must be filed seven (7) days before the confirmation hearing.

**PROOFS OF CLAIM.** Proofs of claim must be filed electronically at the Bankruptcy Court's website at www.alsb.uscourts.gov, or you may scan the documents into the ECF system at the courthouse.

**THIS PLAN DOES NOT ALLOW CLAIMS.** Creditors must file a Proof of Claim to be paid.

| | | |
|---|---|---|
| **MOTION TO EXTEND PLAN** | ☐ INCLUDED | ☑ NOT INCLUDED |
| **NONSTANDARD PROVISIONS, SET OUT IN PART 12(d)** | ☐ INCLUDED | ☑ NOT INCLUDED |

1. **PAYMENT AND LENGTH OF PLAN**

For **60** months Debtor(s) will make regular monthly payments to the trustee as follows:

$**583** per month for **60** months

Plan payments shall be paid directly to the Chapter 13 Trustee at the following address: P.O. Box 1779, Memphis, TN 38101-1779. The Chapter 13 Trustee shall pay the filing fee from Plan payments.

2. **SECURED PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS AND PAYMENTS TO LESSORS**

The Debtor proposes that the Trustee make adequate protection payments, or payments to lessors prior to the confirmation of this Plan, pursuant to § 1326(a)(1) as follows:

| CREDITOR | COLLATERAL DESCRIPTION | AMOUNT OF MONTHLY PAYMENT |
|---|---|---|
| Timber Creek Property Owners Association | 30703 Pine Ct. Daphne, AL 36527 Baldwin County Homestead (tax value) | 5.00 |

The Trustee shall commence making such payments to creditors holding allowed claims secured by an interest in real and personal property or leases of real and personal property consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. In the event of preconfirmation conversion and/or dismissal, all adequate protection payments received by the Trustee shall be distributed to creditors as so designated. The Trustee shall receive the percentage fee fixed under 28 U.S.C. §586(e) on all adequate protection payments. Upon confirmation the treatment of such claims will be governed by Sections 3 and 5.

3. **POST-CONFIRMATION SECURED ALTERNATE MONTHLY PAYMENTS**

The debtor proposes that the Trustee make the following Alternate Monthly Payments (AMP) beginning on the first distribution after entry of a Confirmation Order and until such time as the Attorney's fees provided for in Section 4 are paid in accordance with Amended Local General Order No. 4.

| CREDITOR | COLLATERAL DESCRIPTION | AMOUNT OF AMP PAYMENT |
|---|---|---|
| Timber Creek Property Owners Association | 30703 Pine Ct. Daphne, AL 36527 Baldwin County Homestead (tax value) | 5.00 |

4. **ATTORNEY'S FEES FOR DEBTOR(S)' BANKRUPTCY COUNSEL**

The following attorney's fees shall be paid by the Trustee pursuant to Amended Local General Order No. 4.

| DEBTOR'S COUNSEL | TOTAL FEE |
|---|---|
| Stephen L. Klimjack | 3,500.00 (Total Fee of $4,000.00 less $500.00 paid prior to filing.) |

5. **SECURED BY COLLATERAL**

Unless otherwise ordered by the Court, the Trustee shall treat the secured claim(s) listed in this section on the terms and conditions set forth herein. Any portion of a secured claim that exceeds the amount(s) set forth in this section shall be paid as a general unsecured claim pursuant to Section 9.

| CREDITOR | COLLATERAL DESCRIPTION | SECURED CLAIM AMT PAID THROUGH PLAN | INTEREST RATE | §1325(a)(5) |
|---|---|---|---|---|
| Timber Creek Property Owners Association | 30703 Pine Ct. Daphne, AL 36527 Baldwin County Homestead (tax value) | 1,200.00 | 6.00 | 35.00 |

Debtor shall pay all other allowed secured creditors in full pro-rata after payments set forth in Sections 5 and 6.

6. **DOMESTIC SUPPORT OBLIGATIONS**

The Debtor proposes that the Trustee shall pay the following pre-petition Domestic Support Obligations (DSO) pursuant to §507(a)(1) unless the claimant agrees or the Court orders otherwise. The DSO creditor shall receive the proposed AMP payment along with the secured creditors listed in Section 3. Once the Attorney's fees are paid in full, the DSO creditor shall be paid the proposed preference payment along with secured creditors listed in Section 5. The Debtor shall directly pay all Domestic Support Obligations that become due after the filing of the petition.

| CREDITOR | SCHEDULED ARREARAGE | AMOUNT OF AMP PAYMENT | PREFERENCE PAYMENT |
|---|---|---|---|
| -NONE- | | | |

7. **CURING DEFAULTS AND MAINTAINING DIRECT PAYMENTS**

Debtor shall maintain the following monthly payments and pay them directly to creditor. Trustee shall pay the allowed claims for arrearages at 100% pro-rata through this Plan after payments set forth in Sections 5 and 6.

| CREDITOR | COLLATERAL DESCRIPTION | DIRECT PAYMENT | SCHEDULED ARREARAGE |
|---|---|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

| CREDITOR | COLLATERAL DESCRIPTION | DIRECT PAYMENT | SCHEDULED ARREARAGE |
|---|---|---|---|
| **BSI Financial Services** | 30703 Pine Ct. Daphne, AL 36527 Baldwin County Homestead (tax value) | 1,158.00 | 21,690.00 |
| **Regions Bank** | 30703 Pine Ct. Daphne, AL 36527 Baldwin County Homestead (tax value) | 145.00 | 4,000.00 |

8. **PRIORITY CLAIMS (EXCLUDING DOMESTIC SUPPORT OBLIGATIONS)**

The Debtor will pay all priority claims pursuant to §1322(a)(2) in full, pro rata unless claimant expressly agrees otherwise.

| CREDITOR | TYPE OF PRIORITY | SCHEDULED AMOUNT |
|---|---|---|
| **-NONE-** | | |

9. **UNSECURED CLAIMS**

Allowed non-priority unsecured claims shall be paid through the distribution of all available disposable income at a percentage to be determined by the Trustee for the number of months set forth in Section 1. No interest shall be paid on general unsecured claims.

10. **SURRENDERED PROPERTY**

Debtor surrenders the following collateral. Upon confirmation, the automatic stay (under §§ 362(a) and 1301 (a)) is lifted as to surrendered collateral. Any claim submitted by such creditor will receive no distribution under this Plan until an unsecured proof of claim is filed by such creditor.

| CREDITOR | COLLATERAL DESCRIPTION |
|---|---|
| **-NONE-** | |

11. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Executory contracts and/or leases receive the following designated treatment. For all executory contracts or unexpired leases being assumed by the Debtor pursuant to this Plan, the Debtor shall make all pre-confirmation § 1326 adequate protection payments directly to the creditor pursuant to the terms of the contract. For all contracts assumed, the Debtor shall continue to make all payments directly to the creditor pursuant to the terms of the contract following the confirmation of the Debtor's Plan.

| CREDITOR | PROPERTY DESCRIPTION | REJECT | ASSUME |
|---|---|---|---|
| **None** | | | |

Prepetition lease arrears shall be paid directly to creditor by Debtor(s) on all assumed leases. Claims filed on rejected leases shall be treated as general unsecured claims.

12. **OTHER PLAN PROVISIONS AND MOTIONS**

   (a) **Property of the Estate**
   Property of the Estate shall re-vest in the Debtor(s) upon discharge or dismissal of the case. Proceeds from any potential or pending cause of action or other asset not yet liquidated are property of the Estate and must be paid to the Chapter 13 Trustee pending further order of the Court.

   (b) **Direct Payment by Debtor**
   Secured creditors and lessors to be paid directly by the Debtor(s) and/or Co-Debtors may continue to mail to Debtor(s) the customary monthly notices or coupons notwithstanding the automatic stay.

3

**(c)**     **Exemption Limitations**

The Debtor(s)' exemptions in real and personal property are specifically limited to those allowed under applicable state and federal laws. To the extent that Debtor(s)' asset values exceed allowable exemption limits, the non-exempt portions shall be Property of the Estate and subject to distribution by the Trustee. The terms of this provision shall not be construed to limit or abrogate the rights of parties in interest to object to exemptions pursuant to the Bankruptcy Code, or in any way limit the Debtor(s)' rights regarding the postpetition equity accrual of assets.

**(d)**     **Other Provisions of the Plan Not Elsewhere Described:**

| | |
|---|---|
| **/s/ Timothy F. Vollenweider** | **October 16, 2018** |
| DEBTOR'S SIGNATURE | DATE |
| | |
| DEBTOR'S SIGNATURE | DATE |
| | |
| **/s/ Stephen L. Klimjack** | **October 16, 2018** |
| DEBTOR'S COUNSEL'S SIGNATURE | DATE |